IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HARVEY MOON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:13-cv-03423-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
|     Defendant. | ) | |

### ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Harvey Moon seeks judicial review of the Commissioner of Social Security's denial of his applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff suffered from several severe impairments, including a rotator cuff injury, degenerative disc disease, and degenerative joint disease, but he retained the RFC to perform work as a sub assembler, collator operator, and price marker.

Because substantial evidence supports the ALJ's determination, the Commissioner's decision denying benefits is AFFIRMED.

### Factual and Procedural Background

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed his Title XVI application on March 24, 2011, and his Title II application on March 25, 2011. Each application alleged a disability onset date of December 23, 2010. The Commissioner denied these applications on June 7, 2011, and after a hearing, an ALJ affirmed

this decision. On March 21, 2013, the Appeals Council denied review, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1]

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); see 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to

Plaintiff challenges the ALJ's Step Four determination in two respects. First, Plaintiff contends the ALJ improperly discounted the opinion of his treating physician Frederick McQueary, M.D. ("Dr. McQueary"). Second, Plaintiff argues that the ALJ failed to properly develop the record by not ordering a consultative examination. Both arguments are equally without merit.

## I. The ALJ did not err by failing to give controlling or substantial weight to Dr. McQueary's opinion.

Plaintiff first contends that the ALJ should have accorded controlling or substantial weight to Dr. McQueary's opinion. The Court disagrees for numerous reasons.

First, Plaintiff mistakenly assumes that Dr. McQueary is entitled to "treating source" status under the Regulations and the deference accompanying such a classification. However, treating source status is typically reserved for physicians who examine a claimant on more than three occasions. *See Randolph v. Barnhart*, 386 F.3d 835, 840 (8th Cir. 2004). Here, Dr. McQueary examined Plaintiff on, at most, two occasions. This suggests that Dr. McQueary is more akin to an examining physician, rather than a treating source.

Second, even assuming that Dr. McQueary was entitled to any special deference, the "opinion" seized upon by Plaintiff was not Dr. McQueary's. Plaintiff directs the Court to treatment notes from a February 10, 2012 visit wherein the medical provider observed that Plaintiff could not sit or stand for longer than ten minutes. R. at 318. These notes, however, are from Plaintiff's physical therapist, not Dr. McQueary. *See* R. at 318 (noting that the author is Jeffrey Potts and containing the heading "Non-Physician Notes"). Thus, the ALJ did not err in failing to accord them significant weight.

---

the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

3

Third, Dr. McQueary's actual opinion, to the extent it qualifies as such,[2] corroborates, rather than undercuts, the ALJ's RFC formulation. Although Dr. McQueary noted that Plaintiff suffered from degenerative disc disease, he ultimately remarked that Plaintiff's exam was "benign," that his condition did not require surgical intervention, and that it would improve with physical therapy and pain management treatment. R. at 317. These observations comport with the ALJ's determination that although Plaintiff suffered from degenerative disc disease, his condition was not disabling. R. at 24. Thus, the Court finds no merit to Plaintiff's first ground for relief.

**II. The ALJ did not err in failing to order a consultative examination.**

Plaintiff next argues that the ALJ abdicated his duty to develop the record by not ordering a consultative examination. In particular, Plaintiff insinuates that because no treating source rendered a function-by-function medical opinion, the ALJ should have enlisted a state agency physician to examine him. The Court disagrees.

An ALJ must fully and fairly develop the record to ensure that he has sufficient evidence to make the ultimate disability determination. *Snead v. Barnhart*, 360 F.3d 834, 839 (8th Cir. 2004). When the record contains a dearth of information on a crucial issue, the ALJ should typically order a consultative examination. *See* 20 C.F.R. §§ 404.1519, 404.1519a, 416.919, 416.919a (suggesting a consultative examination may be necessary if the record contains insufficient evidence on the issue of a claimant's ability to function in the workplace); *cf. Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012) ("Failing to develop the record is reversible error when it does not contain enough evidence to determine the impact of a claimant's impairment on his ability to work.").

---

[2] The other evidence that Plaintiff claims qualifies as Dr. McQueary's opinion are simply brief observations from his treatment notes during an August 30, 2011 visit. R. at 315.

4

Case 6:13-cv-03423-DGK   Document 23   Filed 01/05/15   Page 4 of 5

But here, a consultative examination was unnecessary.  The record contained more than enough evidence—including treatment notes, opinion evidence, and the claimant's testimony—for the ALJ to render a reasoned decision on Plaintiff's disability status.  R. at 50-92, 205-08, 262, 278-79, 285-86, 303-04, 309, 315-17, 318, 322, 324, 326.  As such, the ALJ did not neglect his duty to develop the record.

## Conclusion

Because substantial evidence supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  January 5, 2015                           /s/ Greg Kays
                                                      GREG KAYS, CHIEF JUDGE
                                                      UNITED STATES DISTRICT COURT